UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 12-23510-FAM

AIMEE BARRIERE; and
CHRISTOPHER BARRIERE,
her spouse.

       Plaintiff,

v.

CAP JULUCA, a foreign company;
LEADING HOTELS OF THE
WORLD, LTD., a foreign company;
and HOTEL REPRESENTATIVE,
INC., a foreign company.

       Defendants.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO QUASH SERVICE**

    Plaintiffs, Aimee Barriere and Christopher Barriere, file this Response in Opposition to

Defendant, Cap Juluca's Motion to Quash Service and further state:

1. On November 12, 2013, Defendant, Cap Juluca, filed a Motion to Quash Service of

    Process and in the Alternative, Its Motion to Dismiss for Lack of Personal Jurisdiction

    [D.E. 49].[1]

---

[1] Plaintiff is responding solely to Defendant's Motion to Quash Service of Process pursuant to
the Court's Order [D.E. 55].

2.  Plaintiff filed a Motion for Extension of Time to Respond to Defendant's Motion to Quash and Motion to Dismiss for Lack of Personal Jurisdiction in order to conduct jurisdictional discovery.  See [D.E. 51].

3.  The Court denied Plaintiff's motion for additional time and discovery and ordered Plaintiff to Respond to Defendant's Motion to Quash by December 13, 2013.

4.  Defendant's motion to quash service of process is predicated on a misapprehension of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention").  Specifically, Cap Juluca objects to service pursuant to Article 10(a) of the Hague Convention, 28 USC § 1608(a)(3), 28 USC §1608(b)(3), and Fed. R. Civ. P. 4.

5.  First, 28 U.S.C. §1608 is inapplicable as the entity being served is neither a foreign state, a subdivision of a foreign state, agency or instrumentality of a foreign state.  It is well settled that Fed. R. Civ. P. 4(f)(2)(C)(ii) specifically allows service through the Clerk, "unless prohibited by the foreign country's law" by using "any form of mail that the clerk addresses and sends to the individual  and that requires  a signed receipt."  In the instant case, Anguilla is a territory of the United Kingdom, a signatory to the Hague Convention. Further, the United Kingdom has not objected to service by mail.  See List of Countries Objecting to Service by Mail as provided by the state department (http://travel.state.gov/law/judicial/judicial_680.html#mail)[2].   (Exhibit 1) Further, Plaintiffs proffer a "Status Table" for each of the member countries with up to date

---

[2] The information on the State Department website is for information only.  However, the website links to a "status table" which provides up to date information on reservations, declarations and notifications concerning provisions of the Hague Convention as to each country.

information regarding reservations, declarations and notifications related to the Hague Convention. (Exhibit 2)[3]

6. Anguilla, is a territory of the UK. See Status Table for UK Territories. (Exhibit 2). The UK has made six declarations regarding the Hague Convention. Of those six declarations only Declaration (d) references Article 10 of the convention. However, the UK (and consequently its territories) have not objected to service via postal channels. See "Text of Declarations". (Exhibit 2) Further in a letter dated September 11, 1980 from the UK Foreign and Commonwealth Office[4] to the Permanent Bureau the UK Foreign Office clarifies: "…in relation to Article 10(c) of the Convention. I am happy to confirm that our declaration does not preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in the UK 'directly' through a competent person other than a judicial officer or official, e.g. a solicitor. (…)". Therefore it is conclusive that the UK has not only addressed Article 10, without objection to service via postal channels pursuant to Article 10(a), and has confirmed that as long as "some other competent person" is served, the UK does not object.

7. Defendant has failed to show that a "competent person" was not served in this case. Defendant has also failed to show that the UK objects to service via postal channels. In fact, Cap Juluca has not pointed to a single fact the Court may rely on to determine that service through FedEx with a signature requirement fails to meet the requirements of service through postal channels.

---

[3] Status Tables can be found at http://www.hcch.net/index_en.php?act=conventions.status&cid=17; http://www.hcch.net/index_en.php?act=conventions.childstatus&cid=17&mid=427 and http://www.hcch.net/index_en.php?act=status.comment&csid=427&disp=resdn
[4] The Foreign and Commonwealth Office commonly referred to as "Foreign Office" is the UK equivalent of the U.S. State Department.

## MEMORANDUM OF LAW

## I. SERVICE BY MAIL OR OTHER POSTAL CHANNELS

Fed. R. Civ. P. 4(f)(2)(C)(ii) allows service through the Clerk, "unless prohibited by the foreign country's law" by using "any form of mail that the clerk addresses and sends to the individual  and that requires  a signed receipt."  Further, service of legal documents can be effectuated through postal channels pursuant to Article 10(a) of the Hague Convention.  1969 WL 97765 (U.S. Treaty)  In deciding whether service via FedEx is a permitted postal channel for service of process in Hong Kong, Judge Ungaro, here in the Southern District of Florida found: 1) Article 10(a) permits service of legal documents by mail; 2) service through postal channels is permitted in Hong Kong[5]; and 3) FedEx is a permitted postal channel in which to effectuate service. *Tracfone Wireless Inc. v. Unlimited PCS Inc.,* 279 F.R.D. 626, 628 (SD Fla. 2012) (UNGARO).  In *Tracfone Wireless.*, the Court was faced with the question of whether or not service through a central authority in a foreign country is the *only* method of service pursuant to the Hague Convention.  The Court found that consistent with other opinions, including those in the Southern District, service of process through the mail was indeed permitted by Article 10(a) of the Hague Convention, as long as the foreign state did not object.  *Tracfone Wireless,* 279 F.R.D. at 629.  See also, *Tracfone Wireless Inc., v. Sunstrike Int'l, Ltd.* 273 F.R.D. 697,699 (S.D. Fla. 2011) (MARTINEZ) and *Tracfone Wireless Inc. v. Bequator Corp., Ltd.* 717 F.Supp.2d 1307, 1309 (S.D. Fla. 2010) (HOEVELER).   Both *Sunstrike* and *Bequator* decisions recognize that service through postal channels to the headquarters of the defendant companies was proper.

---

[5] Hong Kong was at one point a UK territory, as is Anguilla and the Hague Convention on Service was extended to Hong Kong by the UK on May 20, 1970.  *Tracfone Wireless v. Unlimited PCS Inc.,* 279 F.R.D. 626, 628 (SD Fla. 2012) (UNGARO)  The Hague Convention was extended to Anguilla on August 3, 1982 and entered into force October 2, 1982.

In both cases, the foreign state in question was Hong Kong, which along with Anguilla was considered a contracting member of the Hague Convention, via the UK.

The Court in *Unlimited PCS Inc.*, cites other District Courts within the Eleventh Circuit which found that service through the mail is authorized. See, *Julien v. Williams, Case No. 10-2358T-TBM*, 2010 WL 5174535 at *2 (M.D. Fla. 2010). (finding that under Fed. R. Civ. P. 4(f), if the receiving country does not object, the Hague Convention will not interfere with service and thus will not deem it improper); *Conax Florida Corp. v. Astrium Ltd.*, 499 F.Supp.2d 1287, 1293 (M.D. Fla. 2007) (finding that Article 10(a) applies to service of process and thus service by mail is permissible); *Lestrade v. U.S.,* 945 F.Supp. 1557 (S.D. Fla. 1996) (HOEVELER) (holding that the term 'send' in the Hague Convention means 'serve' in concurrence with the Second Circuit's opinion in *Ackerman v. Levine,* 788 F.2d 830, 839 (2d Cir. 1986)); See also, *Schiffer v. Mazda Motor Corp.,* 192 F.R.D. 335, 338 (N.D. Ga. 2000) (holding that service of process by mail is permitted under Article 10(a)); *Coblentz GMC/Freightliner, Inc. v. General Motors Corp.,* 724 F.Supp. 1364, 1372-73 (M.D. Ala. 1989) (finding that service of process by mail was permissible under Article 10(a) of the Hague Convention).

The Court in *Unlimited PCS, Inc.*, further found that three federal circuit courts have agreed that service by mail is permissible under the Hague Convention. *Tracfone Wireless Inc. v. Unlimited PCS Inc.,* 279 F.R.D. 626, 629 (SD Fla. 2012) (UNGARO) *citing Ackerman v. Levine,* 788 F.2d 830, 839-40 (2d Cir. 1986); *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004) (agreeing with the Second Circuit's finding that "send" means "serve" as used in the Hague Convention); and *Research Systems Corp. v. IPSOS Publicite*, 276 F.3d 914, 926 (7th Cir. 2002), *cert. denied,* 537 U.S. 878, 123 S.Ct. 78, 154 L.Ed.2d 133 (2002).

Incredibly, Cap Juluca fails to cite any of the foregoing authorities which are squarely on point.  Instead, Defendant relies on *McClenon v. Nissan Motor Corp.*, 726 F. Supp. 822 (N.D. Fla. 1989) and *Wasden v. Yamaha Motor Co. Ltd.,* 131 F.R.D. 206, 206 (M.D. Fla. 1990). Neither of these cases are instructive.  First, *McClenon* and *Wasden* were disagreed with by the District Court in *Julien v. Williams, Case No. 10-2358T-TBM*, 2010 WL 5174535 at *2 (M.D. Fla. 2010), twenty years later.  In *Julien,* the District Court for the Middle District of Florida weighed the opinion in *McClenon* and *Wasden* and **disagreed** citing the *Brockmeyer* court as persuasive on the issue of whether Fed. R. Civ. P. 4 authorized service by mail.  Defendants fail to apprise the Court that the most recent decisions from the District Courts concur that service by mail is authorized.

Defendant misinterprets Rule 4 to be mutually exclusive of the Hague Convention. However, the most recent line of cases as cited above show that unless the Hague Convention forbids it, Rule 4 allows service by mail abroad.  Since the Hague Convention permits service through postal channels as indicated in Article 10(a) and the UK does not object as shown in Exhibits 1 and 2 and the line of cases finding that service by mail in Hong Kong is permissible, Defendant's motion fails and is due to be denied.

Finally, the official position of the United States Department of State is that service by mail is permitted.  *Tracfone Wireless Inc. v. Unlimited PCS Inc.,* 279 F.R.D. 626, 630 (SD Fla. 2012) (UNGARO).  The court in *Unlimited PCS Inc.*, cites to a letter from a State Department legal advisor criticizing the Eighth Circuit's decision in *Bankston v. Toyota Motor Corp.,* 889 F.2d 172 (8th Cir. 1989).  The *Bankston* court distinguished the word "serve" and "service" with "send."  Then legal advisor to the State Department, Mr. Alan J. Kreczko, asserted that the *Bankston* decision was contrary to the official position of the State Department.  *Unlimited PCS*

*Inc.,* 279 F.R.D. 626, 630 (SD Fla. 2012).  The court notes the longstanding tradition of the Courts to give special weight to the State Department's construction of treaties. *citations omitted.*[6]

## II. SERVICE THROUGH POSTAL CHANNELS IS PERMITTED IN ANGUILLA

As demonstrated in Exhibits 1 and 2, Anguilla is a UK territory subject to the Hague Convention.  Further, the UK (and Anguilla) does not object to service through the mail.  As cited in the *Sunstrike, Bequator* and *Unlimited PCS Inc.* cases above, Hong Kong, a former territory of the UK, permits service by mail.  Defendants have failed to provide a single fact that shows that the UK objects to service by mail.  Therefore, much like Hong Kong, service of process through postal channels in Anguilla is permissible pursuant to Article 10(a) of the Hague Convention.

## III. FEDEX IS A SUITABLE POSTAL CHANNEL FOR SERVICE ABROAD BY MAIL

The Court in *Unlimited PCS Inc.,* found that FedEx is a suitable postal channel under Article 10(a).  In the instant case, Plaintiffs served the summons and complaint via FedEx.  See Clerk's Notice of International Service [D.E. 48] and Affidavit of Service with attached proof of delivery from FedEX [D.E. 52].  The affidavit of service and its attachments show that the FedEx package with The Hague Convention Service Documents, Complaint and Summons were signed by L. Richardson.  See Exhibit B to [D.E. 52].

Defendant has not presented a single fact that this Court may rely on to determine that service was improper using FedEx.

---

[6] The Court in *Unlimited PCS Inc.* further notes that the Kreczko letter does not appear in the record of *Intelsat Corp. v. Multivision TV LLC* 736 F.Supp. 2d 1334 (S.D. Fla. 2010) (ALTONAGA) (finding service by mail improper under the Hague Convention) and that by contrast the *Sunstrike* and *Bequator* courts did in fact have that key piece of information.

## IV. FEDERAL RULE OF CIVIL PROCEDURE 4(m) DOES NOT APPLY TO SERVICE OF AN INDIVIDUAL OR CORPORATION IN A FOREIGN COUNTRY

Plaintiffs requested and were granted an extension to serve Cap Juluca after the Court ruled against Defendants, LHW and HRI in their motion to dismiss on the basis of *forum non conveniens*. Extensions to serve foreign defendants are routinely granted. For service of process on a foreign defendant, there is no 120 day period as Cap Juluca erroneously contends. In fact, the Rules of Civil Procedure specifically instruct that the period of time required to serve a defendant abroad is not 120 days. Simply put, Fed. R. Civ. P. 4(f) and 4(h) do not carry with it the 120 day rule that governs service of domestic defendants imposed by Rule 4(m). "This subdivision (m) does not apply to service in a foreign country under Rule 4(f)." Fed. R. Civ. P. 4(m).

Not only is service within 120 days not required under the Rules but in the instant case, Plaintiffs opted to wait until the Court ruled on Defendants' Motion to Dismiss. Doing otherwise would have consumed resources while the case was still in danger of being dismissed. It is also important to note that Defendant, Cap Juluca, through its counsel refused to waive service of process despite all the other Defendants having been served. Now, after being served, Defendant misapplies the law and is asking the Court to quash service of process after indicating to Plaintiffs that it would not waive such service.

## <u>CONCLUSION</u>

For the aforementioned reasons, Plaintiffs, Aimee Barriere and Christopher Barriere, respectfully request entry of an Order denying Defendant's Motion to Quash service.

Respectfully submitted,

**THE LAW OFFICES OF ROBERT L. PARKS, P.L.**
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Tel:     (305) 445-4430
Fax:     (305) 445-4431
Email: gabe@rlplegal.com

By: /s/ Gabriel A. Garay
Gabriel A. Garay
Florida Bar No. 103303
Robert L. Parks
Florida Bar No. 61436

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was served with the Clerk

on December 10, 2013, using cm/ecf, who will forward copies to all counsel of record.

 /s/ Gabriel A. Garay
Gabriel A. Garay

Florida Bar No. 103303