UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-23510-CIV-MORENO

AIMEE BARRIERE and CHRISTOPHER BARRIERE,

    Plaintiffs,

vs.

CAP JULUCA, LEADING HOTELS OF THE WORLD, and HOTEL REPRESENTATIVE, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO QUASH AND MOTION TO DISMISS

This case comes before the Court on Defendant Cap Juluca's Motion to Quash Service or, in the Alternative, Motion to Dismiss for Lack for Personal Jurisdiction. The Court finds that the service by mail was proper and that and the Defendant has sufficient minimum contacts with Florida. Therefore, Defendant's Motion is DENIED.

### I. Background

Cap Juluca is an Anguillan corporation that manages a property in Anguilla. Plaintiffs are United States citizens, domiciled in Texas. The injury that is the impetus of this case occurred at Defendant Cap Juluca's resort in Anguilla. Allegedly, Plaintiff Aimee Barriere slipped and fell on wet tiles as she was descending stairs on her way to the beach and suffered serious injury. The Complaint alleges nine counts: Negligence against each Defendant, two counts of Agency/Apparent Agency against Leading Hotels, Vicarious Liability against Leading Hotels, Vicarious Liability as to Hotel Representative, Agency/Apparent Agency against Cap Juluca, and Vicarious Liability against Cap

Juluca. Plaintiffs' allegations of connection to the forum are that Cap Juluca's assets are managed by a company in south Florida and that Defendants Leading Hotels of the World and Hotel Representative advertise in south Florida. The Plaintiffs finally served Defendant Cap Juluca on October 22, 2013 by FedEx with a signature required, and Cap Juluca moves to quash that service as insufficient.

The issue the Court must determine is whether service upon the Defendant by registered mail is an appropriate form of service under Federal Rule of Civil Procedure 4(f) and the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. The Court must also determine if the Defendant has such minimum contacts with Florida as to warrant personal jurisdiction. For reasons more fully explained below, the Court answers these questions in the affirmative. While noting that Florida District Courts, including the Southern District of Florida, are completely split on this issue of service of a foreign corporation by mail, this Court will follow the rule that where the destination state does not object, service by registered mail is proper under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. As a result, Defendant Cap Juluca's Motion to Quash Service of Process is DENIED. Likewise, its alternative Motion to Dismiss the Complaint for lack of personal jurisdiction is DENIED. Defendant Cap Juluca shall file an Answer to the Complaint no later than **February 28, 2014 at noon**. Because service of process has been effected, this case is removed from the civil suspense file and restored to the active docket.

### III. Analysis

#### A. Defendant's Motion to Quash Service of Process

Under the Federal Rules of Civil Procedure, a foreign corporation may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give

notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is prescribed to give notice:
...
(C) unless prohibited by the foreign country's law by
...
(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt;

Fed. R. Civ. P. 4(h); 4(f). The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") establishes that each signatory state shall designate a Central Authority that will process requests to serve process from abroad and the procedures that the Central Authority may or must follow in effecting service of process. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents arts. 2-6, 20 U.S.T. 361 (November 15, 1965). Article 10 of the Hague Convention provides that

Provided the State of destination does not object, the present Convention shall not interfere with -

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad;

(b) the freedom of judicial officers, officials, or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the state of destination.

*Id.* at art. 10.

Courts are split as to whether service by mail constitutes effective service on a party abroad. Numerous Circuits have reasoned that the word "send" in article 10(a) includes service of process, and

have permitted the service, provided that the destination country has not objected. *See Ackermann v. Levine*, 788 F.2d 830, 839 (2d.Cir. 1986); *Brockmeyer v. May*, 383 F.3d 798, 808 (9th Cir. 2004); *See also Research Systems Corp. v. IPSOS Publicite*, 276 F.3d 914, 926 (7th Cir. 2002). Conversely, the Fifth and Eighth Circuits have reasoned that the word "send" does not include service of process, but only addresses post-service documents. *See Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 174 (8th Cir. 1989); *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 384 (5th Cir. 2002). These courts reach this conclusion by reasoning that other articles use the terms "service" and "effect service," but article 10(a) only employs the term "send." *See Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d at 384 ("[B]ecause the drafters purposely elected to use forms of the word 'service' throughout the Hague Convention, while confining the use of the word 'send' to article 10(a), we will not presume that the drafters intended to give the same meaning to 'send' that they intended to give to 'service.'") The 11th Circuit has not addressed the issue.

Courts in the Southern District of Florida are split on the issue. *Compare Tracfone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 631 (S.D. Fla. 2012) (Ungaro, J.) ("the Court concludes that service by postal channel can be effected in Hong Kong in compliance with the Hague Service Convention and Fed. R. Civ. P. 4(f)(2)(C)(ii)) *with Intelsat Corp. v. Multivision TV LLC*, 736 F.Supp.2d 1334, 1342 (S.D. Fla. 2010) (Altonaga, J.) ("Given the careful wordsmithing that underpins treaty drafting and the Hague Convention's repeated use of the specific term 'service' throughout the treaty, had the drafters intended Article 10(a) to allow service by postal channels, the would have so stated.") (*citing ARCO Elec. Control, Ltd. v. CORE Int'l*, 794 F.Supp. 1144, 1147 (S.D. Fla. 1992).

Nevertheless, this is not simply an issue of statutory construction. Following the 8th Circuit's decision in *Bankston*, the U.S. State Department issued a letter authored by Deputy Legal Advisor Alan

-4-

J. Kreczko disagreeing with the 8th Circuit's reasoning.[1] In the letter, Kreczko stated that the *Bankston* decision was "incorrect to the extent that it suggests that the Hague Convention does not permit as a method of service the sending of a copy of the summons and complaint by registered mail to a defendant in a foreign country." Letter from Alan J. Kreczko, U.S. Dep't of State Deputy Legal Advisor to the Admin. Off. Of U.S. Courts and the Nat'l Center for State Courts (Mar. 14, 1991) (*quoted in Moody Nat. FFI Meadowlands MT, LLC v. Gager*, 2013 WL 622128 (D. N.J. January 24, 2013) (*excerpted in* 30 I.L.M. 260). State Department opinions are given "great weight" in construing treaties. *See Sumitomo Shoji America, Inc. v. Avagliano*, 457 U.S. 176, 184-85, 102 S.Ct. 2374 (1982). Thus, where the issue is split, as in this district, the Kreczko letter gains additional importance. *Tracfone Wireless, Inc. v. Unlimited PCS Inc.* 279 F.R.D. at 630. The Court finds that the best practice is to determine that service by postal channels is permissible under article 10(a) of the Hague Convention.

After determining that article 10(a) permits service of process by postal channels provided that the destination country does not object, the next step is to determine whether the destination country in fact objects to service of process being delivered by mail. In this case, the Defendant is located in Anguilla. Anguilla is a territory of the United Kingdom. The United Kingdom is a signatory to the Hague Convention. The United Kingdom does not object to international service through registered mail. *See Brockmeyer v. May*, 383 F.3d at 803; *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293, 308 (S.D. N.Y. 2009). The Court therefore finds that the Plaintiffs may serve

---

[1] The Plaintiffs have not as of yet submitted a copy of the *Kreczko Letter* to the Court. A brief search indicates that the letter is widely available on the internet. Excerpts of the letter are also available on Westlaw, and the letter has been cited in numerous cases that have reached this issue. The Plaintiffs are ORDERED to file a copy of the letter as an exhibit to confirm that it is the same *Kreczko Letter*.

Defendant through postal channels in Anguilla.

Here, the Plaintiffs sent the service of process to the Defendant's registered agent in Anguilla, Benjamine Company Services Limited, by FedEx. FedEx has been held to be a permissible postal channel in this district. *Tracfone Wireless, Inc. v. Unlimited PCS Inc.* 279 F.R.D. at 631; *Tracfone Wireless, Inc. v. Sunstrike Int'l, Ltd.*, 273 F.R.D. 697, 699 (S.D. Fla. 2011) (Martinez, J.). Plaintiffs have filed a proof of service showing that the mailing was signed by an employee of theDefendant's registered agent on October 22, 2013. For the above reasons, the Court finds that the Defendant has been properly served under article 10(a) of the Hague Convention. Therefore, the Court DENIES Defendant's Motion to quash service.

### B. Failure to Serve within 120 days Under Fed. R. Civ. P. 4(m)

Defendant has moved to Dismiss for failure to serve within 120 days under Fed. R. Civ. P. 4(m) 120. By its own terms, Rule 4(m) "does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." The Court DENIES the motion to Dismiss for failure to serve within 120 days.

### C. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction

Defendant has moved, in the alternative, to dismiss for lack of personal jurisdiction. Defendant attached no affidavits, documents, testimony, or any other evidence to support its contention that this Court could not assert personal jurisdiction over it. Based upon an incorrect reading of the Court's December 16, 2013 Order, Plaintiffs did not respond to the Motion to Dismiss for lack of personal jurisdiction. Thus, this court is left with only the allegations in the Plaintiffs' Complaint.

Determining whether personal jurisdiction exists involves a two-step process. First, the court must determine whether the exercise of jurisdiction is appropriate under Florida's Long arm statute. *Mutual Serv. Ins. Co. v. Frit Indus, Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). Second, the Court must

-6-

determine whether personal jurisdiction over the defendant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* The Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). The Court must take factual allegations in the Complaint as true. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). When the defendant "submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.* Additionally,

> [i]f the defendant raises a question of personal jurisdiction and the district court elects to decide the question solely on the basis of the pleadings and affidavits, it must accept as true those allegations of the complaint which are not controverted by defendant's evidence and deny the motion to dismiss if the plaintiff presents a *prima facie* case of jurisdiction.

*Bracewell v. Nicholson Air Services, Inc.*, 748 F.2d 1499, 1504 (11th Cir. 1984).

### 1. Florida Long-Arm Statute

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S.Ct. 746, 753 (U.S. 2014). In relevant part, a person submits themselves to the jurisdiction of Florida courts by

> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state
>
> 3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.

Fla. Stat. § 48.193(1)(a)(1-3). Additionally, a "defendant who is engaged in substantial and not isolated

activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Under Florida law, "[w]hen a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony, or documents." *Jet Charter Svc., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990).

The Complaint asserts general jurisdiction under Fla. Stat. § 48.193(2) and alleges that Defendant Cap Juluca engages in substantial and not isolated activity in Florida through the maintenance and operation of a Miami sales office and because Defendant's assets are managed by its Miami agent, Maissen Consultants. Plaintiffs further allege that Defendants Leading Hotels of the World and Hotel Representative, Inc.[2] maintain sales offices in Miami, and that the sales offices promote and provide reservation services for Cap Juluca, among other properties. Additionally, Plaintiffs allege that Defendants Leading Hotels of the World and Hotel Representative, Inc. "are in the business of promoting, managing, operating, and providing reservations for hotels" and that at least seven hotels in Florida are affiliated with or operated by them.

In support of its motion to dismiss, Defendant failed to file any affidavits, testimony, or documents. Thus, it cannot be said that Defendant raised a "meritorious" defense to personal jurisdiction. *Compare, e.g. Melgarejo v. Pycsa Panama, S.A.*, 2013 WL 5183755 at *3-4 (11th Cir. Sep. 17, 2013) (in support of its motion to dismiss under 12(b)(2), the foreign defendant submitted evidence in support of its position, including an affidavit by its former president). Because the Court must accept Plaintiffs' allegations absent any challenge that would shift the burden, and because Defendant has not

---

[2] Defendants Leading Hotels of the World and Hotel Representative, Inc. have already filed a motion to dismiss under Rule 12. That Motion did not raise personal jurisdiction under 12(b)(2). Thus, these defendants have waived the defense. Fed. R. Civ. P. R. 12(h).

properly made such a challenge, the Court finds that Plaintiffs have sufficiently alleged that Defendant Cap Juluca has such minimum contacts with the forum to allow for personal jurisdiction under the Florida long arm statute. *See Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d at 1360.

### 2. *Due Process Clause*

The second step the Court must take is determining whether the exercise of personal jurisdiction would violate the Due Process Clause of the Fourteenth Amendment, which requires that defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Mutual Svc. Ins. Co. v. Frit Indust. Inc.*, 358 F.3d at 1319 (*citing Int'l Shoe Co. v. Washington*, 325 U.S. 310, 316 (1945)).

> In determining whether jurisdiction would comport with traditional notions of fair play and substantial justice, the court looks at: (a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies.

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1276 (11th Cir. 2002).

The Florida Supreme Court has recognized that the "the federal due process analysis is *not* built into Florida's long-arm statute [and] [t]he mere proof of any one of the several circumstances enumerated in section 48.193 as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirements of minimum contacts." *Internet Solutions Corp. v. Marshall*, 39 So.3d 1201, 1207 (Fla. 2010) (*quoting Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989).

Regarding general, as opposed to specific, jurisdiction, the Supreme Court has recently made clear that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 134 S.Ct. at 760; *Goodyear Dunlop Tires Operations, S.A.*

*v. Brown*, 131 S. Ct. 2846, 2855 (U.S. 2011). In *Goodyear*, the Supreme Court held that a court may assert jurisdiction over a foreign corporation "to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. at 2851. The "paradigm forum for the exercise of general jurisdiction . . . [is] one in which the corporation is fairly regarded as at home." *Id.* at 2853-54. These "paradigm forums" are the principle place of business and the place of incorporation. *Id.*

In *Daimler*, a group of Argentine Plaintiffs filed suit against Daimler, a German corporation, in the Northern District of California, alleging that Mercedes-Benz Argentina, the Defendant's subsidiary corporation, collaborated with Argentine state security forces to "kidnap, detain, torture, and kill certain MB Argentina workers" during Argentina's "Dirty War" of 1976-1983. *Daimler AG v. Bauman*, 134 S.Ct. at 751-52. All actions complained of occurred in Argentina. *Id.* The Plaintiffs named only one Defendant in the Complaint: Daimler, the German corporation, and sought to hold Daimler vicariously liable for the actions of the subsidiary. *Id.* at 752. The question addressed was "whether the Due Process Clause of the Fourteenth Amendment precludes the District Court from exercising jurisdiction over Daimler [a German corporation] in this case, given the absence of any California connection to the atrocities, perpetrators, or victims described in the complaint." *Id.* at 751.

Plaintiffs in *Daimler* argued that jurisdiction in California was proper because Mercedes-Benz USA, a Delaware corporation with its principal place of business in New Jersey and an indirect subsidiary of Defendant Daimler, maintained multiple California-based facilities and realized substantial revenues from California sales. *Id.* at 753. For the purposes of that decision only, the Court assumed that Mercedes-Benz USA was "at home" in California. *Id.* at 758. The Court ultimately held that, even assuming Mercedes-Benz USA was at home in California and assuming its actions can be imputed to Daimler, "there would still be no basis to subject Daimler to general jurisdiction in

California, for Daimler's slim contacts with the State hardly render it at home there." *Id.* at 760. The Court rejected Plaintiffs' request to "approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business' as "unacceptably grasping." *Id.* at 761.

What is clear from *Daimler* is that, for a court to exercise general jurisdiction over a foreign corporation, that corporation must be "at home" in the forum. *See id.* "At home" can be read to mean "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit . . . *on causes of action arising from dealings entirely distinct from those activities.*" *Id.* at 761 (*quoting Int'l Shoe Co. v. Washington*, 325 U.S. at 318). While the Court did not expand on the specifics, it noted that it would be possible for a corporation to be "at home" in places outside of its place of incorporation or principal place of business. *See id.* at 761 n.19.

It is clear that, prior to *Daimler*, the Defendant would have been subject to general jurisdiction in this forum. *See Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d at 1362-63; *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). In *Stubbs*, the plaintiff, a Mississippi resident was injured in the swimming pool at the Nassau Resort, a Nassau, Bahamas company located in the Bahamas. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d at 1359. The Plaintiffs submitted evidence that the codefendant, Crystal Palace "acted as an advertising and booking department for Nassau Resort." *Id.* at 1362. The court found that Crystal Palace was an agent of Nassau Resort, "and its activities may be used as the basis to assert general jurisdiction over Nassau Resort." *Id.* Further, the court found that "[a]lthough Nassau Resort is a Bahamian corporation, it has been utilizing a corporate office in Ft. Lauderdale to market vacations for Nassau Resort," and that it conducted significant business in Florida. *Id.* at 1364. The Court found that general jurisdiction was appropriate based on these contacts and based "on Florida's interest in overseeing marketing of safe enterprises and businesses conducting significant activities in the state,

-11-

and in adjudicating disputes arising from injuries which occur at or as a result of resorts marketing in Florida." *Id.*

In the case at bar, Defendant did not attach any affidavits along with its motion to dismiss. Plaintiffs, for their part, did not attach any affidavits to its response to the motion to dismiss, nor did they even address the issue of personal jurisdiction. Thus, all the court has before it are the factual allegations in the Complaint. Plaintiffs are required to make a *prima facie* showing of jurisdiction. *Bracewell v. Nicholson Air Services, Inc.*, 748 F.2d at 1504.

Plaintiffs have alleged that Cap Juluca, an Anguillan corporation with its principle place of business in Anguilla, maintains a sales office in Florida. Plaintiffs have additionally alleged that Cap Juluca's assets are managed by its Florida-based agent, Maissen consultants. Plaintiffs further allege that Defendants Leading Hotels of the World and Hotel Representative, Inc., who have not objected to personal jurisdiction in Florida, promote, manage, operate, and provide reservation services for resorts including Cap Juluca; provide extensive sales and promotional support, including advertising and public relations; set forth the standards required to maintain association with the Leading Hotels of the World group; and regularly inspect Cap Juluca's premises in Anguilla. Plaintiffs have alleged that Leading Hotels of the World is the actual or apparent agent of Cap Juluca and that Cap Juluca maintained control over Leading Hotels of the World, or alternatively, that Leading Hotels of the World maintained control over Cap Juluca.[3] These allegations, which are unrebutted, are sufficient for this court to find that Cap Juluca has such minimum contacts with Florida to be considered "at home." A contrary result would effectively permit foreign corporations to freely solicit and accept business from Americans in the United States and at the same time be completely shielded from any liability in U.S.

---

[3] Plaintiffs has pled inconsistent allegations. While the Plaintiffs may not win on all claims, they are permitted under the rules to plead facts in the alternative. Fed. R. Civ. P. 8(d)(3). For the purposes of ruling on Defendant's motion, all allegations, even if inconsistent, are taken as true.*See Hayden v. Broward County*, 2013 WL 4786486 at *4 (S.D. Fla. Sept 6, 2013) (Rosenbaum, J.).

courts from any injury that may arise as a result.

This Court also finds that exercising jurisdiction over Cap Juluca does not offend traditional notions of fair play and substantial justice. As the 11th Circuit said in *Meier*,

> Both Florida and the interstate judicial system have a strong interest in seeing this matter resolved in Florida. Millions of tourists travel to Caribbean resorts each year from Florida and elsewhere in the United States. Both Florida and the interstate judicial system have an interest in adjudicating disputes arising from injuries which occur at or as a result of these resorts particularly when the injured are flown to Florida for medical treatment as a result.

*Meier ex. rel. Meier v. Sun Int'l Hotels*, 288 F.3d 1264, 1276 (11th Cir. 2002). While there is no evidence that Plaintiff Aimee Barriere was flown to Florida, the logic of *Meier* is squarely applicable to the instant case. Defendant Cap Juluca maintained a sales office in Florida where it solicited business that was realized in Anguilla. Given these solicitations, it cannot be said that the burden on Defendant is great. *See See See Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d at 1364 (Florida has an interest in "overseeing marketing of safe enterprises and businesses conducting significant activities in the state, and in adjudicating disputes arising from injuries which occur at or as a result of resorts marketing in Florida"). Further, Plaintiffs have an interest in obtaining convenient and effective relief, and the fact that Plaintiffs are not themselves Florida residents is of no moment. *See id.* at 1359 (plaintiff was a resident of Mississippi).

While *Daimler* has undoubtedly limited the application of general jurisdiction to foreign defendants, this Court does not view *Daimler* as mandating the complete casting off of the above logic from *Stubbs* and *Meier*. Doing so would effectively deprive American citizens from litigating in the United States for virtually all injuries that occur at foreign resorts maintained by foreign defendants even where, as here, the corporations themselves maintain an American sales office in Florida and heavily market in the jurisdiction.

Further, this case is factually and procedurally distinguishable from *Daimler*. Contrary to *Daimler*, there is no "absence" of a Florida connection to the injury, perpetrator, or victim in this case. To the contrary, Plaintiff has alleged that Defendant Cap Juluca has itself maintained an active role in soliciting reservations in Florida both through its own sales office and through Hotel Representative, Inc. and Leading Hotels of the World.

Additionally, in *Daimler*, the foreign Plaintiffs attempted to gain jurisdiction over the foreign defendant by piggybacking on the defendant's subsidiary's contacts and imputing them back to the defendant. The U.S.-based subsidiary, however, was not a defendant in that action. In the case at bar, the Plaintiff has alleged agency relationships among Leading Hotels of the World, Hotel Representative, Inc., and Cap Juluca. Unlike in *Daimler*, the alleged agent is a co-defendant in the case, and it has not objected to jurisdiction. Thus, Defendant Cap Juluca is asking this Court to dismiss it even where the Court already properly exercises jurisdiction over the co-defendants. This, the court will not do.

Therefore, this Court finds that Plaintiffs have sufficiently alleged that Defendant Cap Juluca has maintained sufficient minimum contacts to subject itself to general jurisdiction in Florida, and that the exercise of that jurisdiction comports with the traditional notions of fair play and substantial justice.

### D. Forum

Whether the Southern District of Florida is the best forum to hear a dispute between a Texas Plaintiff and New York and Anguillan Defendants concerning an injury that occurred in Anguilla will be decided after discovery. The Court has previously denied Defendants Leading Hotels of the World and Hotel Reservation, Inc.'s Motion to Dismiss on grounds of *forum non conveniens*. In that motion, the Defendants had sought a dismissal in favor on Anguilla, even though the Anguillan defendant had not yet been served. The Court has given the parties permission to refile their motions at the conclusion of discovery.

-15-

### E. The Case is Reopened

This case was closed for statistical purposes on **October 1, 2013** and placed in the civil suspense file pending Plaintiffs' effecting service of process on Defendant Cap Juluca. Plaintiffs have now effected service. The case is hereby removed from the civil suspense file.

## III. Conclusion

THIS CAUSE came before the Court upon Defendant Cap Juluca's Motion to Quash Service of Process or, in the alternative, Motion to Dismiss **(D.E. No. 49)**, filed on **November 12, 2013**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to quash service is DENIED. The Defendant's Motion to Dismiss for lack of personal jurisdiction is DENIED. Defendant Cap Juluca shall file its Answer to Plaintiffs' Complaint no later than **March 11, 2014 at noon**. This case is removed from the Civil Suspense file and restored to the active docket.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of February, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record